FILED
2013 Jan-11  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| successor by merger to Wachovia | ) | |
| Bank, National Association, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:12-cv-02383-TMP |
| v. | ) | |
| | ) | |
| H & P, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

The matter before the court concerns the motion for default judgment (Doc. 11) of plaintiff Wells Fargo Bank, N.A. (hereafter "plaintiff" or "Wells Fargo") against defendant H & P, L.L.C. (hereafter "H & P" or "defendant") filed on November 26, 2012.  Defendant Elliott Security Systems, Inc. (hereafter "Elliott Security") filed a petition for Chapter 11 bankruptcy with the Bankruptcy Court for the Northern District of Alabama on August 2, 2012.  (Doc. 7).  It is hereby RECOMMENDED that the claims against Elliott Security be severed and dismissed without prejudice pursuant to the bankruptcy filing.  It is further RECOMMENDED that plaintiff's motion be GRANTED and that a default judgment be entered against defendant H & P.

Procedural History

Plaintiff filed suit against defendants H & P, Elliott Security, and Alton D. Elliott on July 3, 2012, alleging that H & P defaulted in the payment of a debt owed to plaintiff pursuant to a promissory note and that Elliott Security, as guarantor of the debt, likewise failed to pay the debt pursuant to the note.  All three defendants were served with process on July 17, 2012.  No answer,

motion, appearance, or other defense to the complaint has been filed on behalf of H & P.  On September 11, 2012, plaintiff moved for entry of default against H & P and the court granted that motion on November 14, 2012.  The motion for default judgment now before the court followed on November 26, 2012.

Discussion

The motion for default judgment is supported by the affidavits of Dana Howard, a vice president in the Credit Management Group at Wells Fargo, and James B. Bailey, attorney for Wells Fargo.  The Howard affidavit refers to certain exhibits attached to the original complaint, including a promissory note dated June 13, 2007, from H & P to Wells Fargo in the principal amount of $828,000.00.  The Howard affidavit further references a demand letter dated July 28, 2011, giving notice to H & P of the defaults in payment under the note, accelerating the payment terms, and demanding payment of the note in full.

In his affidavit, Howard testifies that the note remains unpaid with an outstanding balance of $343,236.48 as of November 20, 2012.  This amount consists of unpaid principle in the amount of $210,513.34, unpaid interest in the amount of $98,510.64, late charges in the amount of $10,692.51, and attorneys fees and expenses in the amount of $23,519.99.  The affidavit further states that interest continues to accrue on the principal of the loan at the rate of $35.67 per day.

In his affidavit, Bailey testifies that he is an attorney representing Wells Fargo in connection with the collection of this note and that he is familiar with all of the work done on plaintiff's behalf in this case.  He testifies that, as of November 20, 2012, the total fees and expenses incurred by Wells Fargo amount to $23,519.99.  He testifies that these fees and expenses are equal to 6.85% of

the aggregate outstanding sum of the loan and that they are reasonable and customary for the services rendered.

It is now clear that H & P has been served with process and has failed to defend against this action.  H & P is therefore now in default.  Once a party has defaulted, all well-pleaded factual allegations of the complaint are deemed admitted and proven.  The Eleventh Circuit has stated the law of default as follows:

> The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action.  While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit[ ] the plaintiff's well-pleaded allegations of fact."  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5ᵗʰ Cir. 1975).  The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Id.*  Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.  At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought.  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citing *Nishimatsu*, 515 F.2d at 1206).

*Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (italics in original and internal footnotes omitted); *see also Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *E Beats Music v. Andrews*, 433 F.Supp.2d 1322 (M.D. Ga. 2006).  Under this law, the court is still required to examine the factual allegations of the complaint, deeming them to be admitted, and the evidence offered in support of the complaint to

3

determine whether there is a sufficient substantive basis for finding the defaulting defendant liable as alleged by plaintiff.

Based on the admitted allegations of the complaint, the exhibits offered as part of the complaint, and the evidence presented in support of the motion for default judgment, it is clear that plaintiff has stated, and defendant has admitted, a substantive factual and legal basis for default judgment. On June 13, 2007, H & P executed a promissory note in favor of Wells Fargo. (Doc. 1, Ex. A). The note was in the amount of $828,000.00. In addition to H & P's obligation to pay the principal amount of the loan, interest charges, and late charges, the note provided that Wells Fargo is entitled to recover its costs and expenses, including attorney's fees, incurred in collecting the note. *Id*.

According to Howard, the note went into default when H & P failed to make payments as and when due under the terms of the note. (Doc. 11, Ex. A). A default notice and demand for payment was mailed to H & P by certified mail on July 28, 2011. (Doc. 1, Ex. D). The well-pleaded factual allegations of the complaint, admitted as they are by H & P, adequately establish a substantive basis for default judgment due to H & P's default under the terms of the note.

Howard's testimony establishes that, as of November 20, 2012, the total outstanding balance due on the promissory note (principal, accrued interest, late charges, and attorneys fees and expenses) was $343,236.48. The reasonableness of the attorneys fees and expenses is established by Bailey's affidavit and the court's own judicial experience in matters such as these in the Northern District of Alabama. With interest accruing at a rate of $35.67 per day, an additional interest amount of $1,783.50 has accrued from November 20, 2012 to the date of the report and recommendation (50 days). Also, interest will accrue during the 15-day period allowed for filing objections to this report

4

and recommendation, adding $535.05 to the final judgment to be entered upon the adoption of this report and recommendation.  Accordingly, as of January 25, 2013, the total judgment to be entered in favor of plaintiff and against defendant H & P will be $345,555.03.


<u>Recommendation</u>

Based on the foregoing considerations, the magistrate judge RECOMMENDS that final judgment by default be entered in favor of plaintiff Wells Fargo, N.A. and against defendant H & P, L.L.C. in the amount of $345,555.03, plus interest accruing post-judgment and the costs of this action.

The magistrate judge also RECOMMENDS that the claims against defendant Elliott Security Systems, Inc. be DISMISSED WITHOUT PREJUDICE due to its bankruptcy.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to mail a copy of the foregoing to the defendants at the address at which they were served with process.

DONE this 10th  day of January, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE